JUDGE GARDEPHE

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer (BS 7548)
1250 Broadway, Suite 3701
New York, New York 10001
Telephone: (212) 300-0375
Fax:        (212) 564-5468

'09 CIV 00304

RECEIVED
JAN 12 2009
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ANDREA LEVINE and IVEY MOORE on their own:
behalf and on behalf of all those similarly situated,

                              Plaintiffs,

    - against -

MERRILL LYNCH, PIERCE, FENNER & SMITH
INCORPORATED, MERRILL LYNCH & CO. INC.,:
BANK OF AMERICA CORPORATION,

                              Defendants.
-----------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiffs by and through their counsel, FITAPELLI & SCHAFFER, LLP, individually and on behalf of all those similarly situated, states the following as their Complaint against the Defendants:

## NATURE OF THE ACTION

    1.    Plaintiffs bring this action against Defendants Merrill Lynch, Pierce, Fenner & Smith Incorporated and Merrill Lynch & Co. Inc. (collectively, "Merrill Lynch") and Bank of America (collectively "Defendants") to recover damages for Defendants' egregious violations of federal wage and overtime laws during Plaintiffs' employment. Plaintiff Andrea Levine has been employed by Defendants as a Derivatives Settlement Specialist since approximately March

2007. Plaintiff Ivey Moore has been employed by Defendants as a Derivatives Settlement Specialist since approximately June 2007. Plaintiffs are each paid an annual salary of $65,000.

2. Plaintiffs regularly worked in excess of 40 hours per week and were not paid time and one half for any and all hours over 40 in a given week.

3. Plaintiffs, by their attorneys, seek to recover unpaid wages, liquidated damages, attorneys' fees, costs and interest for Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA") and the New York Labor Law.

4. Plaintiffs bring this action on behalf of themselves and similarly situated current and former Derivatives Settlement Specialists who elect to opt-in to this action, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201 et seq. (FLSA), and specifically, the collective action provision of 29 U.S.C. §216(b), to remedy defendants' violations of the wage and hour provisions of the FLSA that have deprived Plaintiffs and similarly situated current and former Derivatives Settlement Specialists of their lawfully earned wages.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216 (b) and jurisdiction over the State law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

## THE PARTIES

### PLAINTIFFS

8. Plaintiff, Andrea Levine is an adult residing at 77 Vera Street, Apt. D, Staten Island, New York 10305. She consents in writing to be a party to this action pursuant to 29 U.S.C. §216(b). Her written consent is attached hereto and incorporated by reference.

9. Plaintiff, Ivey Moore is an adult residing at 616 East Lincoln Avenue, Apt. B-12, Mount Vernon, New York 10552. She consents in writing to be a party to this action pursuant to 29 U.S.C. §216(b). Her written consent is attached hereto and incorporated by reference.

10. At all relevant times, Plaintiffs were covered employees of Defendants within the meaning of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq.

### DEFENDANTS

11. Upon information and belief, Defendants Merrill Lynch, Pierce, Fenner & Smith Incorporated and Merrill Lynch & Co. Inc. (collectively, "Merrill Lynch") are foreign business corporations organized under the laws of Delaware with a place of business located at 4 World Financial Center, New York, New York 10080. Defendant Merrill Lynch is Plaintiffs' employer within the meaning of the FLSA.

12. Upon information and belief, Defendant Bank of America is a foreign corporation organized under the laws of Delaware. As of January 1, 2009, Bank of America completed their purchase of Merrill Lynch. Defendant Bank of America is Plaintiffs' employer within the meaning of the FLSA.

13. Upon information and belief, Defendants Merrill Lynch and Bank of America currently employ over thirty Derivatives Settlement Specialists, and are at present, and have been at all times relevant to this action, enterprises covered by the FLSA.

14. At all times relevant, Defendants Merrill Lynch and Bank of America have been engaged in interstate commerce and their annual gross volume of sales or business done was not less than $500,000.00.

## STATEMENT OF FACTS

15. Defendant Merrill Lynch is one of the world's leading wealth management, capital markets and advisory companies in the world, with its global headquarters in New York City, with offices in 40 countries and client assets totaling $1.5 trillion dollars.

16. Defendant Merrill Lynch is a leading global trader and underwriter of securities and derivatives across a broad range of asset classes and serves as a strategic advisor to corporations, governments, institutions and individuals worldwide.

17. Defendant Bank of America is the largest financial company in the world, serving clients in more than 150 countries. As of January 1, 2009, Bank of America completed its purchase of Merrill Lynch, creating the largest wealth management business in the world with approximately 20,000 financial advisors and $2 trillion in client assets.

18. Plaintiffs and all other similarly situated persons are current and former Derivatives Settlement Specialists (hereinafter "Specialists") employed by Defendants.

19. All Specialists employed by Defendants over the last three years have had essentially the same job duties.

20. Plaintiffs' are "back office" employees who are responsible for processing and confirming transactions and resolving payment discrepancies involving derivative products.

21. Plaintiffs' duties include: inputting data, reviewing items listed on a daily report and ensuring coupon/fee payments are received on the settlement date.

22. Plaintiffs do not have authority or discretion regarding carrying out their job duties and responsibilities. Rather, plaintiffs must follow and abide by established procedures and policies and may not deviate from established policies without prior approval.

23. During the past three years, Defendants have employed at least 30 Specialists, who have performed the same work as Plaintiffs. Specialists have worked in excess of forty hours per week. Plaintiffs and all other similarly situated persons have been told by management that they are exempt from receiving overtime pay. Plaintiffs have not been compensated time and one half for hours worked in excess of forty per week.

24. For all or part of the relevant time period, Defendants have failed to keep accurate records reflecting the amount of time worked by Specialists in a given week.

25. Upon information and belief, Plaintiffs work alongside consultants, who perform the exact same duties as Plaintiffs. These consultants are not employees of Defendants and the consultants receive premium pay of time and one half for all hours over 40 in a given week.

## COLLECTIVE ACTION ALLEGATIONS

26. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

27. Plaintiffs bring the FLSA claims as a collective action pursuant to 29 U.S.C. §29 216(b). Plaintiffs, individually and on behalf of other similarly situated employees seek relief on a collective basis challenging Defendants' practice of failing to accurately record all hours worked and failing to pay Specialists time and one half for all overtime hours worked.

28.     The FLSA collective is comprised of all Specialists who have been employees of Defendants at any time within three years from the date of this complaint. Plaintiffs and the FLSA collective have been blatantly misclassified as "exempt" and have been subject to the unlawful practices outlined and described herein.

29.     The number and identity of the FLSA collective may be determined from Defendants' records and potential Plaintiffs may easily and quickly be notified of the pendency of this action.

### FIRST CAUSE OF ACTION
(Brought by Plaintiffs individually and on behalf of all others similarly situated)

30.     Plaintiffs reallege and incorporate by reference all preceding paragraphs.

31.     At all times relevant to this action, Defendants were employers within the meaning of 29 U.S.C. §203.

32.     At all times relevant to this action, Plaintiffs and the FLSA Collective were employed by Defendants within the meaning of 29 U.S.C. §203.

33.     Defendants willfully failed to keep accurate records of hours worked and failed to pay Plaintiffs and the FLSA Collective overtime compensation for each hour worked in excess of forty hours in a workweek in violation of 29 U.S.C. §207.

34.     Section 13 of the FLSA, 29 U.S.C. §213 exempts certain categories of employees from the overtime pay obligations set forth under §7(a)(1) of the FLSA. None of the FLSA exemptions apply to Plaintiffs and the FLSA Collective.

35.     Plaintiffs and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this complaint, plus periods of equitable tolling because Defendants acted willfully and knew, or showed,

reckless disregard for whether its conduct was prohibited by §6(a) of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. §255(a).

36. As a result of Defendants' willful FLSA violations, Plaintiffs and the FLSA Collective are entitled to recover from Defendants amounts to be proven at trial for their unpaid overtime wages, an additional amount as liquidated damages, reasonable attorneys' fees, costs of the action, and pre-judgment and post-judgment interest pursuant to 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
(Brought by Plaintiffs individually and on behalf of all others similarly situated)

37. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

38. Under the NYLL and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiffs and the FLSA collective time and one half of their regular hourly rate for all hours worked in excess of forty.

39. Defendants failed to pay Plaintiffs and the FLSA collective the overtime wages that they are entitled under the NYLL, thus violating NYLL articles 6 and 19 and their implementing regulations, 12 N.Y.C.R.R. §§138-2.1 *et seq.*

40. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs and the FLSA collective the correct amount of overtime wages.

41. Due to Defendant's willful violations of the NYLL, Plaintiffs and the FLSA collective are entitled to recover their unpaid overtime wages, reasonable attorneys' fees, and costs of this action and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs, individually and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief:

    i.    That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately prior to the filing of this suit, up through

7

      and including the date of this Court's issuance of Court-supervised notice, been employed by Defendants as Specialists. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

ii. Declare Defendants' conduct to be a violation of Plaintiffs' rights under the FLSA and NYLL;

iii. Award Plaintiffs and the FLSA Collective unpaid overtime compensation due under FLSA and NYLL and an additional amount as liquidated damages because of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. §216(b);

iv. Award Plaintiffs and the FLSA Collective prejudgment and post-judgment interest;

v. Award Plaintiffs and the FLSA Collective the cost of this action together with reasonable attorney fees pursuant to §29 U.S.C. 216(b) and the NYLL.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: January 12, 2009
      New York, New York

                                    Respectfully submitted,

                                    **FITAPELLI & SCHAFFER, LLP**
                                    *Attorneys for Plaintiffs and proposed Collective Action Plaintiffs*
                                    1250 Broadway, Suite 3701
                                    New York, New York 10001
                                    Tel.:   (212) 300-0375
                                    Fax:   (212) 564-5468

                                    By:   */s/ Brian S. Schaffer*
                                             Brian S. Schaffer (BS 7548)

### FAIR LABOR STANDARDS ACT CONSENT

I, Andrea Levine, consent to be a party plaintiff in Levine, et al v. Merrill Lynch in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. §216 (b).

*(signature)*

ANDREA LEVINE

## FAIR LABOR STANDARDS ACT CONSENT

I, Ivey Moore, consent to be a party plaintiff in Levine, et al v. Merrill Lynch in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. §216 (b).

IVEY MOORE